UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM D. EVANS, JR.,

          Petitioner,           Case No. 4:16-cv-12332
                                                   Hon. Terrence G. Berg

v.

THOMAS WINN,

          Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO APPEAL IN <u>FORMA PAUPERIS</u>**

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner William Evans was convicted after a jury trial in the Genesee Circuit Court of two counts of second-degree murder, MICH. COMP. LAWS § 750.317. He was sentenced to life imprisonment. The petition raises two claims: (1) insufficient evidence was presented at trial to sustain Petitioner's convictions, and (2) Petitioner was denied the effective assistance of counsel when his trial attorney failed to object to testimony that the police received an anonymous tip that led to the search of his home. For the reasons discussed below the Court denies the

1

petition; the certificate of appealability; and permission to proceed on appeal in forma pauperis.

## I. BACKGROUND

On habeas review, this Court presumes that the relevant facts relied upon by the Michigan Court of Appeals are correct pursuant to 28 U.S.C. § 2254(e)(1). *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009). They are as follows:

> On January 19, 2012, Flint Police Officers discovered the bodies of Amyre Aikins and Oscar Knuckles, Jr. in an unlit parking lot. An autopsy of Knuckles, Jr. established that he had been shot three times by a shotgun. He had shotgun wounds on his chest, abdomen, and head. The shotgun that fired the slugs that killed Knuckles, Jr. was recovered from defendant's home, and DNA testing established that defendant was a major donor of the DNA on the shotgun. Further, a firearm examiner testified that the shells recovered from the scene were fired from defendant's shotgun. Aikins had been shot six times. She had gunshot wounds on her abdomen, chest, forearm, upper back, middle back, and shoulder. A firearm examiner testified that several shell casings recovered from the scene were fired by a .380-caliber semiautomatic pistol that was recovered from codefendant, Steven Webster. After waiving his *Miranda* rights, defendant gave a statement to the police. In the statement, he admitted to being present during the shooting. He said something to the effect that he asked codefendant for a gun and that he would do something if the "car" started shooting at him. He also said something to the effect that he heard shots ring out. However, in his statement, he did not expressly admit to shooting anybody.

*People v. Evans*, No. 317353, 2014 WL 6679503, at *1-2 (Mich. Ct. App.

2

Nov 25, 2014) (footnote omitted).

Petitioner appealed his conviction in the Michigan Court of Appeals claiming: 1) the prosecution had presented insufficient evidence to support a conviction; and 2) his trial counsel had been ineffective by failing to object to testimony about the anonymous tip that prompted the police's search of Petitioner's home.

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *Id.* Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court raising the same claims. The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Evans*, 864 N.W.2d 566 (Mich. 2015) (table).

## II. STANDARD OF REVIEW

Petitioner may only seek relief for habeas claims in federal court that were raised and rejected on the merits by the state court. 28 U.S.C. § 2254(d). And this Court may only grant relief on those claims if the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). A state court decision is "contrary to" clearly established law if it applies a contradictory rule from what is laid out in the governing Supreme Court case(s), or if it "confronts a set of

3

facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

A state court decision unreasonably applies the clearly established law if it identifies the correct governing legal principle from Supreme Court case law, but then misapplies it to "a set of facts different from those of the case in which the principle was announced." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Locker v. Andrade*, 583 U.S. 63, 76 (2003).

"As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S.86, 101, 103 (2011) (internal quotation omitted).

### III. ANALYSIS

**a. Sufficiency of the Evidence**

Petitioner claims the prosecution presented insufficient evidence at trial to prove beyond a reasonable doubt that he participated in the murders. Petitioner asserts there was no proof that he possessed the murder weapon on the night of the shooting, or that he encouraged or aided his

co-defendant in shooting the second victim.

The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This does not mean the appeals court decides whether *it* believes the evidence established guilt beyond a reasonable doubt. *Id*. Instead, the court determines whether, viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*. at 318-19 (internal citation and footnote omitted) (emphasis in the original).

A federal habeas court may not overturn a state appeals court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith*, 565 U.S. 1, 132 S. Ct. 2, 4 (2011); *accord Coleman v. Johnson*, 132 S.Ct. 2060, 2065, 182 L. Ed. 2d 978 (2012)("[T]he only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality").

The evidence presented at Petitioner's trial indicated that two different firearms were used to shoot the two victims. *People v. Evans*, 2014

WL 6679503, at * 1. Police discovered one firearm in the possession of Petitioner's co-defendant, and they found the other firearm in Petitioner's bedroom closet. *Id*. While it is possible, as Petitioner asserts, that a single person fired both weapons, *Jackson* does not require the prosecution to negate every reasonable theory consistent with the defendant's innocence. *See Jackson*, 443 U.S. at 326 (prosecution has no affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt). The fact that one of the murder weapons was found in Petitioner's bedroom closets with his DNA on it provided compelling circumstantial evidence that he used it commit one of the murders.

Moreover, Petitioner made a statement to police admitting that he was present at the scene of the shooting; that he told his co-defendant that he wanted to shoot the victims; and that he asked for a gun. *Id*. at *1-*2. Circumstantial evidence alone is sufficient to support a conviction. *Johnson v. Coyle*, 200 F.3d 987, 992 (6th Cir. 2000)(internal quotations omitted). The Michigan Court of Appeals did not therefore unreasonably apply the *Jackson* standard in concluding that a rational trier of fact could have, viewing the evidence in the light most favorable to the prosecution, found Petitioner guilty of second degree murder based on the circumstantial evidence of the murder weapon being found in Petitioner's closet with his DNA on it as well as his inculpatory statements to police. Petitioner has therefore failed to demonstrate entitlement to relief with

respect to this claim.

### b. Ineffective Assistance of Counsel

Petitioner's second claim asserts that he was denied the effective assistance of trial counsel. Petitioner argues that his attorney performed deficiently when he failed to object to the admission of evidence that police searched his residence as the result of an anonymous tip regarding the murders.

The Michigan Court of Appeals held that the evidence was properly admitted notwithstanding defense counsel's failure to object:

> Here, when the prosecutor asked Detective Herfert how she had made the decision to search defendant's house, Herfert testified that she had received an anonymous tip that "referenced the homicide and the subjects that were responsible for the homicide." She said that in response to the tip, she went to defendant's house. The content of the tip was never revealed. Even if this answer was testimonial, defendant's rights under the Confrontation Clause were not violated because the information relating to the tip was introduced to explain why Detective Herfert took the steps she did and not to prove that she received the tip or that the tip accused defendant of being involved in the homicide. The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford,* 541 U.S. at 59 n 9. Trial counsel is not required to advance a meritless position. *Ericksen,* 288 Mich. App. at 201.

*Evans*, No. 317353, 2014 WL 6679503, at *1-2.

As the court of appeals notes, to establish ineffective assistance of counsel, a defendant must show both that: (1) counsel's performance was deficient, i.e., "that counsel's representation fell below an objective standard of reasonableness"; and (2) the deficient performance resulted in prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The complained-of testimony was not offered for the truth of the matter (i.e., whether Petitioner had participated in the crime), but to explain why the police searched Petitioner's house in the first place.

The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59, n. 9 (2004). Evidence

that is offered only to explain how certain events came to pass or why law enforcement officers took the actions they did is not offered for the truth of the matter asserted, and thus does not create a Confrontation Clause violation. See *U.S. v. Warman*, 578 F. 3d 320, 346 (6th Cir. 2009) (quoting *United States v. Cromer*, 389 F. 3d 662, 676 (6th Cir. 2004)). This Circuit has found that this includes testimony referring to a confidential informant's statement that "does not reveal any specific statement made by a confidential informant (or other nontestifying declarant)" but rather "provides background information regarding the course of investigation." *United States v. Pugh*, 273 Fed. Appx. 449, 455 (6th Cir. 2008).

Because the complained-of evidence was properly admitted, the state court reasonably rejected Petitioner's claim that his trial attorney was ineffective for failing to object to it. Defense counsel cannot be deemed deficient for failing to make a futile objection or motion. See *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *accord United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000) (same).

Petitioner has therefore failed to establish he is entitled to habeas relief based on the ineffective assistance of his counsel.

## IV. CERTIFICATE OF APPEALABILITY

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, reasonable jurists would not debate whether the petition should have been resolved in a different manner because Petitioner's claim is devoid of merit. The Court will therefore deny a certificate of appealability. The Court will also deny permission to appeal in forma pauperis because an appeal of this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3).

## V. ADDITIONAL MOTIONS

Petitioner has also filed the following motions since his petition: Motion for Discovery (Dkt. 13); Motion to Compel (Dkt. 15); Motion for Appointment of Counsel (Dkt. 16); Motion for Emergency Review (Dkt. 17); Motion for Summary Judgment (Dkt. 18); Motion for Stay and Abeyance (Dkt. 20); Motion to Grant all Pending Motions (Dkt. 21); and Motion for an Evidentiary Hearing (Dkt. 22). Because the Court has found that Petitioner has not demonstrated he is entitled to habeas relief based on this petition it will deny these remaining, accompanying motions as moot.

## VI. ORDER

Based upon the foregoing, IT IS ORDERED that:

(1) The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Leave to appeal *in forma pauperis* is **DENIED**.

(4) All additional pending motions are **DENIED.**

(5) **SO ORDERED.**

Dated: August 21, 2018   s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE

## Certificate of Service

    I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 21, 2018.

s/A. Chubb<br>
Case Manager