UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAMS D. EVANS, JR.,

    Petitioner,

v.

Case No. 4:16-cv-12332
Hon. Terrence G. Berg

THOMAS WINN,

    Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR JUDICIAL NOTICE AND FOR RECONSIDERATION

On August 21, 2018, the Court denied Petitioner's habeas application brought pursuant to 28 U.S.C. § 2254. Presently before the Court are two post-judgment motions filed by Petitioner. In his Motion for Judicial Notice Petitioner generally asserts that he was deprived of discovery materials by Respondent that would have supported his habeas claims. ECF No. 26. Petitioner's Motion for Reconsideration asserts that the Court failed to consider police reports and audio tapes that supported his sufficiency of the evidence claim. ECF No. 27. The Motion for Reconsideration also argues that the Court mischaracterized Petitioner's second claim: his trial counsel's failure to object to a violation of his confrontation rights. *Id.* Both motions are meritless.

1

Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

With respect to Respondent's failure to file an audio tape of Petitioner's statement to police and any police reports, the alleged error would not result in a different disposition of the case. As explained in the opinion denying the petition, habeas review of a sufficiency claim is extremely narrow. The question is whether the finding by the state court that sufficient evidence was presented "was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012). The murder weapon was found in Petitioner's closet with his DNA on it. While Petitioner contests the extent to which his statement to police admitted responsibility, Petitioner indisputably placed himself at the scene of the shooting in his statement. The evidence presented at trial satisfied the "bare rationality" standard.

Petitioner's argument with respect to his second habeas claim is incorrect. The Court did not misconstrue the claim. In his original habeas petition, Petitioner claimed that evidence of an anonymous tip that led an officer to his residence was admitted in violation of the Confrontation Clause, and that his trial counsel was ineffective for failing to object. That

was the claim passed upon by the Court in the opinion denying the petition. See ECF No. 24 PageID.1483–85.

Finally, Petitioner seeks copies of the police reports and the audiotape of his statement. A court must provide discovery in a habeas proceeding only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)). The materials requested by Petitioner will not affect the Court's determination that neither of his claims merit relief. The claims were reasonably adjudicated by the state courts based on the record facts. See *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011).

Accordingly, it is **ORDERED** that Petitioner's Motion for Judicial Notice (ECF No. 26), and Motion for Reconsideration (ECF No. 27) are **DENIED**.

**SO ORDERED.**

| | |
|---|---|
| Dated: February 12, 2019 | s/Terrence G. Berg <br> TERRENCE G. BERG <br> UNITED STATES DISTRICT JUDGE |

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on February 12, 2019.

s/A. Chubb
Case Manager
